UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:25-cv-26-BJB-LLK

DENISE HARRISON                                                                                          PLAINTIFF

v.

BLAZIN WINGS, INC. d/b/a
BUFFALO WILD WINGS                                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER
## DECLINING TO ENTER AGREED PROTECTIVE ORDER [DN 24]

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to United States Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions, and conducting a settlement conference. [Text Order at DN 9]. Presently at issue is a proposed Agreed Protective Order submitted by counsel for the parties. [DN 24].

**Background**. Plaintiff Denise Harrison claims to have suffered injuries while a business invitee in Defendant Blazin Wings' Hopkinsville KY restaurant. [Complaint DN 1-1] at 3-5. The parties have commenced discovery and Plaintiff Harrison seeks certain documents from Defendant Blazin Wings including surveillance footage from the day of the incident, employee reference manuals, training handbooks, safety manuals, and other company policies and procedures. [DN 24] at 1. The parties have agreed that these and other materials are confidential and should be designated as such by marking them as "CONFIDENTIAL" whether produced by Defendant Blazin Wings informally or in response to formal discovery requests in this case. *Id*. at 1-2. The CONFIDENTIAL materials are identified on page 2 to include: (A) All surveillance footage from February 2, 2024 at the Blazin Wings' Hopkinsville KY location; (B) All Blazin Wings confidential, nonpublic, and proprietary company policies and procedures, including: (i) All

employee reference manuals, handbooks, policies and procedures, and/or safety manuals in effect on February 2, 2024; (ii) all written procedures for: ensuring safety on the premises; responding to injuries on the premises; training employees; customer service; customer safety; altercations involving customers; or altercations involving employees. [DN 24] at 2. Additional discovery may be produced that constitutes

> protected information such as trade secrets, nonpublic research and development, commercial or financial information, or other confidential information and proprietary information that may cause harm to the producing party or a nonparty. The parties will tender additional agreed orders, as necessary, to amend and supplement the scope of materials and category of materials identified as CONFIDENTIAL as described in this paragraph.

[DN 24] at 2.

The Agreed Protective Order further sets forth a process to be followed should a party seek to file CONFIDENTIAL materials into the record of the Court, and references the procedure set forth in Joint Local Rule 5.6 for seeking leave of Court to file documents under seal. Paragraph 6 identifies the only parties to whom the CONFIDENTIAL documents may be revealed; Paragraph 7 restricts certain parties identified in Paragraph 6 from discussing the documents; and Paragraph 8 seeks to invoke the personal jurisdiction and contempt powers of this Court against any/all nonparties who have reviewed/inspected CONFIDENTIAL documents and improperly disclosed such materials. [DN 24] at 4-5. Paragraph 11 would have this Court retain jurisdiction "over all persons provided access to CONFIDENTIAL materials or information for enforcement of the provisions of this Order following termination of this action against Blazin Wings and the final conclusion of this action." DN 24] at 6.

**Applicable law**. Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court is increasingly scrutinizing protective orders that do not make

the necessary showing of good cause required by the Federal Rules and the relevant case law. *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way …." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . .."

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). Generally, this Court is disinclined to enter agreed protective orders as they do not comply with the requirement that the parties certify their good faith efforts to resolve a discovery dispute. *Kentucky ex rel Beshear v. Marathon Petroleum Co. LP*, No. 5:15-cv-354-DJH-CHL, 2017 WL 2272082, at *2 (W.D. Ky. May 24, 2017).

In the context of trade secrets and confidential information, courts have looked to six different factors in determining whether there is a need to protect that information:

1) the extent to which the information is known outside of [the] business;

2) the extent to which it is known by employees and others involved in [the] business;

3) the extent of measures taken … to guard the secrecy of the information;

4) the value of the information to [the business] or [its] competitors;

5) the amount of effort or money expended … in developing the information; and

6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-cv-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016

WL 737903, at *2 (E.D. Ky. Feb. 23, 2016) (citing *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 535 (S.D. Ohio Jan. 17, 2014)); see also *Specialty Auto Parts USA, Inc. v. Holley Performance Products, Inc.*, No. 1:17-cv-147-DJH-LLK, 2020 WL 1914817 (W.D. Ky. April 20, 2020).

**Analysis**. In order for a protective order to be granted, the movants seeking it must establish good cause by articulating "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought …." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). In the instant case, the parties have not met their burden in establishing good cause because they have failed to articulate any specific facts that would show a clearly defined and serious injury that would result from the disclosure of the documents and information sought. Clearly defined classes of documents with specific, applicable legal principles justifying their protection are necessary for this Court to consider entry of an Agreed Protective Order. Mere conclusory statements and generalizations do not suffice. Without such information, the Parties have not met their burden in establishing good cause. While the parties have limited the scope of the protective order by narrowly defining the documents or categories of documents sought to be protected, they have not offered specific legal support for why each category of documents should be identified as confidential.

By way of example, this Court points to its prior decision in *Bussell v. Elizabethtown Independent School District*, 3:17-cv-00605-GNS, DN 27 (W.D. Ky. Aug. 29, 2018), wherein the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information but failed to explain why the order was necessary. The Court denied the motion without prejudice, instructing that a request for a protective order should set forth the reasons why the order is necessary. *Id*. at DN 28. The parties subsequently filed a new Motion for Protective Order, which the Court granted, noting that the parties explained that the materials sought to be

4

protected were nude or seminude photographs and that dissemination of the images is sensitive, could constitute a crime, and could adversely impact ongoing criminal proceedings. *Id*. at DN 33. The parties herein are similarly encouraged to set forth with specificity the legal reasons protection is sought for the classes of documents identified in the Agreed Protective Order or simply agree among themselves to have certain limitations on the materials produced in discovery without court intervention. *Hasenbein v. F3EA, Inc.*, 3:20-cv-822-BJB-RSE, 2021 WL 6496791, at *1 (W.D. Ky. May 18, 2021).

It bears noting that several other provisions contained in the Order are problematic to the Court. For example, Paragraph 8 would seek to invoke the personal jurisdiction and contempt powers of this Court for any breaches of the Order by nonparties for "alleged improper disclosure" of confidential documents. The Court will not prejudge what constitutes contempt against nonparties to this action. Paragraph 11 would have this Court retain jurisdiction over all persons who were provided access to confidential documents following final conclusion of this action, requiring the Court to referee to this Order indefinitely.

**Conclusion**. For the foregoing reasons, the Court declines to enter the tendered Agreed Protective Order without prejudice. The Court will consider entry of an Agreed Protective Order for narrowly defined documents or classes of documents for which specific legal authority is articulated to justify their protection. Or, in the alternative, the parties may simply agree among themselves to place certain limitations on the materials produced in discovery without this Court's intervention.

January 6, 2026

Lanny King, Magistrate Judge
United States District Court